**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| CREATIVE CONSUMER PRODUCTS, INC., <br> Plaintiff, <br><br> v. <br><br> DOEMA INC., <br> Defendant. | CIVIL ACTION NO. _____ |

## COMPLAINT

Plaintiff Creative Consumer Products, Inc. d/b/a Dionis ("Dionis") submits this Complaint against Doema Inc. d/b/a The Lion Group ("Lion Group"), and alleges as follows:

## PARTIES

1. Plaintiff Creative Consumer Products, Inc. d/b/a Dionis is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business at 424 Valley Road, Warrington, Pennsylvania 18976.

2. Defendant Doema Inc. d/b/a The Lion Group is a corporation organized under the laws of the State of Delaware with its principal place of business at 3069 Lawson Boulevard, Oceanside, New York 11572.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Dionis and Lion Group, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b).

1

5.     This Court has personal jurisdiction over Defendant by virtue of: (a) Defendant's actions directed in and towards Pennsylvania, giving rise to the claims asserted in this Complaint; and (b) the Choice of Forum clause in the parties' agreement at center of this action, which clause directs Pennsylvania courts – inclusive of this Court – as the exclusive forum for all contract-related actions. *See* the Broker Agreement attached as **Exhibit 1** § 11.6.

## STATEMENT OF FACTS

**A.     The Broker Agreement**

6.     As stated, Dionis is a Pennsylvania-based company, with its principal address in Warrington, Pennsylvania.

7.     Dionis is a family-owned brand that specializes in goat milk-based personal care and beauty products. Dionis' products – renowned for their deeply moisturizing and gentle formulas – include hand creams, body butters, lip balms and facial skincare, each designed to nourish and support the skin's natural barrier.

8.     Lion Group is a third-party seller and e-commerce accelerator. Lion Group partners with premium brands to assist with marketing and sales of products online, including on platforms such as Amazon.com.

9.     Relevant to this action, Dionis and Lion Group entered into a Broker Agreement, effectively dated February 1, 2022. The Broker Agreement is at center of this action, and is attached as Exhibit 1.

10.     The Broker Agreement outlines the terms under which Lion Group acts as a broker for certain of Dionis' skincare products. *See generally* Ex. 1. Consistent with the Broker Agreement, Lion Group markets and sells certain of Dionis' products on Amazon.com, then purchases the products from Dionis and executes fulfillment through the Amazon platform. *Id*.

2

11.     Certain terms of the Broker Agreement are notable:

a. "[Dionis has] the right, in its sole discretion, to [] accept, or decline to accept, any purchase order for Products by [Lion Group]" (§ 4.2);

b. "[Dionis] may, in its sole discretion: (a) discontinue the sale of the Products without advance written Notice thereof; [or] (b) reduce or allocate its inventory of Products" (§ 4.3);

c. "[Lion Group] acknowledges and agrees that: (a) any and all [Dionis'] Intellectual Property Rights are the sole and exclusive property of [Dionis] or its licensors; (b) [Lion Group] shall not acquire any ownership interest in any of [Dionis'] Intellectual Property Rights under this Agreement; (c) any goodwill derived from the use by [Lion Group] of [Dionis'] Intellectual Property Rights inures to the benefit of [Dionis]; (d) if [Lion Group] acquires any Intellectual Property Rights in or relating to any Product purchased under this Agreement (including any rights in any Trademarks, derivative works or patent improvements relating thereto), by operation of law, or otherwise, such rights are deemed and are hereby irrevocably assigned to [Dionis] or its licensors, as the case may be, without further action by either of the Parties" (§ 6.1); and

d. "[Lion Group] shall be solely responsible for any and all costs or expenses that it may incur in the performance of its obligations [under the Agreement]" (§ 2.3).

12.     The Broker Agreement directs that either party may terminate the Agreement on thirty days' written notice. *See* id. § 7.1.

13.     On termination, Lion Group "shall promptly:

a. (i) cease to represent itself as [Dionis'] authorized Broker with respect to the Products, and shall otherwise desist from all conduct or representations that might lead the public to believe that [Lion Group] is authorized by [Dionis] to market, promote or solicit sales of the Products;

b. (ii) return to [Dionis] all documents and tangible materials (and any copies) containing, reflecting, incorporating, or based on [Dionis'] confidential information;

c. (iii) permanently erase all of [Dionis'] confidential information from its computer systems; and

d. (iv) certify in writing to [Dionis] that it has complied with the requirements of this clause." *Id.* § 7.3.

3

**B.     The Business Relationship**

14.     After executing the Broker Agreement, Dionis and Lion Group conducted business together from February 2022 until the Broker Agreement terminated on April 29, 2026 – thirty days after Dionis provided written notice of termination, in compliance with Section 7.1 of the Agreement. *See* Notice of Termination as **Exhibit 2**.

15.     At all relevant times, Dionis has complied with all obligations under the Broker Agreement.

16.     However, in direct violation of the Broker Agreement, and despite repeated requests from Dionis, including through counsel, Lion Group has flatly refused to pay due and outstanding amounts for sold products totaling $244,141.75. The Open Invoices are attached as **Exhibit 3**. It cannot reasonably be disputed that the at-issue purchase orders are valid and outstanding.

17.     Additionally, despite proper termination of the Broker Agreement, Lion Group has failed to comply with its post-termination obligations under the Broker Agreement. *See* Ex. 1 § 7.3. On information and belief, Lion Group continues to misrepresent itself as an authorized seller of Dionis' products in direct contravention to the Broker Agreement. *See id*.

18.     On June 4, 2026, Dionis sent to Lion Group a written letter, requesting payment for the outstanding amounts and that Lion Group comply with its contract obligations under Section 7.3 of the Broker Agreement. The June 4, 2026 Letter is attached as **Exhibit 4**.

19.     Lion Group has refused to certify its compliance with Section 7.3 of the Broker Agreement, and has failed to pay any of the due and outstanding amounts.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

20.     Dionis alleges and incorporates here by reference all preceding paragraphs of this Complaint.

21.     As detailed above, the Broker Agreement is a valid and binding contract between the parties.

22.     Dionis has fulfilled all obligations required under the Broker Agreement.

23.     As stated above, Lion Group is in breach of the Broker Agreement for: (i) failing to pay all due and outstanding amounts under purchase orders; and (ii) failing to comply with its post-termination obligations under Section 7.3.

24.     As a direct result of these breaches of contract, Dionis has suffered monetary damages in an amount in excess of $75,000, and will suffer irreparable harm in the absence of an order compelling specific performance of Section 7.3.

## PRAYER FOR RELIEF

**WHEREFORE**, Dionis prays for judgment against Lion Group as follows:

A.     Awarding Dionis monetary damages in the amount of $244,141.75, plus pre- and post-judgment interest;

B.     Directing Lion Group to: (i) cease misrepresenting itself as Dionis' authorized broker with respect to Dionis' products; and (ii) certify in writing to Dionis that it has complied with the requirements of Section 7.3 of the Broker Agreement; and

C.     For such other and further relief as the Court deems just and proper.

5

Dated: July 8, 2026

/s/ *Scott M. Vernick*
Scott M. Vernick (PA No. 318880)
Kaitlyn R. Zavatsky (PA No. 335072)

**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone: (215) 979-1000
Email: SMVernick@duanemorris.com
       KZavatsky@duanemorris.com

*Attorneys for Plaintiff Creative Consumer Products, Inc.*