**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CREATIVE CONSUMER PRODUCTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DOEMA INC.,<br><br>Defendant. | Case No. 2:26-cv-04761-KBH |

**CREATIVE CONSUMER PRODUCTS, INC.'S**
**<u>ANSWER TO COUNTERCLAIMS</u>**

Plaintiff Creative Consumer Products, Inc. d/b/a Dionis ("Dionis") hereby answers Doema Inc. d/b/a The Lion Group's ("Lion Group") Counterclaims, as follows:

**<u>THE PARTIES</u>**

1. Admitted.

2. Admitted.

**<u>JURISDICTION AND VENUE</u>**

3. Dionis denies the allegations of this Paragraph as conclusions of law to which no response is required.

4. Dionis denies the allegations of this Paragraph as conclusions of law to which no response is required.

5. Dionis denies the allegations of this Paragraph as conclusions of law to which no response is required.

6. Dionis denies the allegations of this Paragraph as conclusions of law to which no response is required.

## FACTS

7. Admitted in part; denied in part. It is only admitted that Lion Group is an e-commerce accelerator. Dionis lacks sufficient knowledge or information to form a belief as to the remaining allegations of this Paragraph and therefore denies them.

8. Admitted.

9. It is only admitted that on or about February 2, 2022 the Parties entered into the "Broker Agreement." To the extent Defendant mischaracterizes the terms of the Broker Agreement, this is denied, and the terms of the Broker Agreement speak for themselves.

10. Denied as stated. To the extent Defendant mischaracterizes the terms of the Broker Agreement, this is denied, and the terms of the Broker Agreement speak for themselves.

11. Denied.

12. Denied.

13. Admitted in part; denied in part. It is only admitted that for some time Lion Group acted as an e-commerce accelerator for Dionis, and that the Parties relationship was controlled by the Broker Agreement. The remaining allegations of this Paragraph are denied.

14. Admitted in part; denied in part. It is only admitted that for some time Lion Group acted as an e-commerce accelerator for Dionis, and that the Parties relationship was controlled by the Broker Agreement. The remaining allegations of this Paragraph are denied.

15. Denied. To the extent Defendant mischaracterizes the terms of the Broker Agreement, this is denied, and the terms of the Broker Agreement speak for themselves.

16. Denied as stated.

17. Denied.

18. Denied. To the extent Defendant mischaracterizes the terms of the Broker Agreement, this is denied, and the terms of the Broker Agreement speak for themselves.

19. Admitted. This document is attached to the Complaint as Exhibit 2.

20. Denied. As shown in Exhibit 2 to the Complaint, the Termination Notice stated that "This correspondence constitutes our official 30-day notice, in accordance with our agreement."

21. Denied.

## **FIRST COUNTERCLAIM (Breach of Contract)**

22. Dionis incorporates here its above-responses, and the contents of its Complaint as if set forth fully here.

23. Admitted.

24. Denied. The allegations of this Paragraph are denied to the extent they are conclusions of law. By way of further response, all allegations in this Paragraph are specifically denied.

25. Denied. The allegations of this Paragraph are denied to the extent they are conclusions of law. By way of further response, all allegations in this Paragraph are specifically denied.

26. Denied. The allegations of this Paragraph are denied to the extent they are conclusions of law.

27. Denied. The allegations of this Paragraph are denied to the extent they are conclusions of law. By way of further response, all allegations in this Paragraph are specifically denied.

28. Denied. The allegations of this Paragraph are denied to the extent they are conclusions of law. By way of further response, all allegations in this Paragraph are specifically denied.

29. Denied. The allegations of this Paragraph are denied to the extent they are conclusions of law. By way of further response, all allegations in this Paragraph are specifically denied.

30. Denied. The allegations of this Paragraph are denied to the extent they are conclusions of law. By way of further response, all allegations in this Paragraph are specifically denied.

**SECOND COUNTERCLAIM (Unjust Enrichment)**

31. Dionis incorporates here its above-responses, and the contents of its Complaint as if set forth fully here.

32. Denied. The allegations of this Paragraph are denied to the extent they are conclusions of law. By way of further response, all allegations in this Paragraph are specifically denied.

33. Denied. The allegations of this Paragraph are denied to the extent they are conclusions of law. By way of further response, all allegations in this Paragraph are specifically denied.

34. Denied. The allegations of this Paragraph are denied to the extent they are conclusions of law. By way of further response, all allegations in this Paragraph are specifically denied.

Wherefore, Dionis requests judgment against Lion Group on Counterclaims I and II, and that the Counterclaims be dismissed.

**AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIMS**

Notwithstanding the defenses below, Dionis reserves the right to assert any affirmative defenses of Fed. R. Civ. P. 8(c).

**FIRST AFFIRMATIVE DEFENSE**

Defendant's Counterclaims fail to state a claim on which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred, in whole or in part, by estoppel, waiver and/or laches.

**THIRD AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred, in whole or in part, because Defendant has failed to mitigate damages.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred as they are not brought in good faith, and based on Defendant's unclean hands, and in violation of the implied covenant of good faith and fair dealing.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred, in whole or in part, because Defendant failed to perform its own essential duties under the Broker Agreement.

**SIXTH AFFIRMATIVE DEFENSE**

Dionis specifically reserves, and does not waive, any defenses at law or in equity, or otherwise.

Dated: August 20, 2026

/s/ *Scott M. Vernick*
Scott M. Vernick (PA No. 318880)
Kaitlyn R. Zavatsky (PA No. 335072)

**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
e: SMVernick@duanemorris.com
KZavatsky@duanemorris.com

*Attorneys for Plaintiff Creative Consumer Products, Inc. d/b/a Dionis*